LONG, Presiding Judge.
The appellant, Thomas A. Black, was convicted of sodomy in the first degree, rape in the first degree, burglary in the first degree, and robbery in the first degree. He was sentenced, pursuant to the Habitual Felony Offender Act, to four consecutive terms of life imprisonment. His convictions were affirmed on direct appeal. Black v. State, 689 So.2d 1009 (Ala.Cr.App.1996) (table).
On December 30, 1996, Black filed a postconviction petition pursuant to Rule 32, Ala.R.Crim.P., attacking his convictions based on numerous claims of ineffective assistance of trial and appellate counsel and on jurisdictional grounds. The circuit court dismissed the petition.
Black’s claims of ineffective assistance of appellate counsel were as follows:
*1211 (1) that appellate counsel failed to file a motion to supplement the record on direct appeal to support Black’s claim of an impermissibly suggestive identification;
(2) that appellate counsel raised issues that had not been preserved for review; and
(3) that appellate counsel failed to preserve the issue whether trial counsel had been ineffective for failing to adequately challenge the state’s DNA evidence through the procedure set out in Ex parte Jackson, 598 So.2d 895 (Ala.1992).
Black’s claims of ineffective assistance of trial counsel were as follows:
(4) that trial counsel had failed to preserve for appellate review the trial court’s granting of a motion made by the prosecution seeking to limit the testimony of a defense witness;
(5) that trial counsel failed to subpoena a witness Black says would have supplied an alibi;
(6) that trial counsel failed to allow Black to testify at trial;
(7) that trial counsel failed to request any jury instructions;
(8) that trial counsel failed to assure that Black was present during the trial court’s in-chambers discussion with a juror and during additional discussions or instructions with jurors;
(9) that trial counsel failed to obtain a copy of a tape recording to determine if a voice on the tape, purported to be Black’s, was actually his;
(10) that trial counsel failed to object to Black’s being compelled to participate in a line-up without the presence of counsel;
(11) that trial counsel failed to object to the portion of the state’s closing argument in which the prosecutor referred to the lack of rebuttal DNA evidence by the defendant;
(12) that trial counsel failed to object to the state’s obtaining a recording of Black’s voice because, he said, the recording was made in violation of his constitutional rights;
(13) that trial counsel failed to object when the jury deliberated outside the jury room (the jury recessed for lunch at a restaurant before reaching a verdict and returned from lunch with a verdict); and
(14) that trial counsel failed to object to a trial court order that Black produce evidence obtained as the result of an allegedly unconstitutional search and seizure.
Black’s petition also alleged:
(15) that the trial court was without jurisdiction to render a judgment or to impose sentence because the grand jury indicted Black based on unconstitutionally obtained evidence; and
(16) that the state failed to meet the standards of admissibility for DNA evidence and the related statistical analysis set out in Ex parte Perry, 586 So.2d 242 (Ala.1991).
The circuit court’s order dismissing the Rule 32 petition stated:
“Petitioner files his petition pursuant to Rule 32, Ala.R.Cr.P., alleging that he was denied effective assistance of appellate counsel in that appellate counsel failed to file a motion to supplement the record on appeal, thereby preventing review of an alleged impermissibly suggestive identification.
“The record reflects that the issue of the identification of the petitioner through voice and line-up was presented to the trial court as well as the appellate court and [was] denied. The petitioner fails to aver sufficient facts to indicate *1212 that appellate counsel either 1) was not performing in conformity with the Sixth Amendment right to counsel, or 2) that but for his counsel’s performance the outcome would have been different. Ex parte Lawley, 512 So.2d 1370 (Ala.1987). To establish ineffective assistance of counsel, the petitioner must show that his appellate attorney’s performance was so deficient as to fall below the objective standard of reasonableness and, further, that his deficiency actually prejudiced the petitioner so as to deny him a fair trial. Stringfellow v. State, 485 So.2d 1238 (Ala.Cr.App.1986). The circumstances surrounding the identification of the petitioner was included in the transcript of the testimony of trial witnesses and the basis therefor was reviewed by the appellate court. This claim for relief is denied.
“Petitioner next complains that appellate counsel ... raised issues not properly preserved regarding DNA issues and 5th Amendment charges as well as failed, neglected or refused to properly and timely preserve for review the issue of ineffective assistance of trial counsel. This complaint is without merit as the issues concerning admission of DNA evidence were the primary bases for appeal and were properly addressed and denied by the appellate court. The claims for ineffective assistance of trial counsel have been waived as said claims were not raised at trial or upon appeal and are precluded pursuant to Rule 32.2(a)(3) & (5); however, said claims are being addressed out of necessity in this order. The law does not require appellate counsel to raise issues merely for the sake of preservation of those issues when it is apparent on the record to appellate counsel that said issue of ineffective assistance of trial counsel is without merit. The law will not put appellate counsel in error for failure to raise frivolous issues.
“Petitioner complains that his trial counsel failed to preserve for review denial of the right to present alleged hearsay evidence of a witness, failed to subpoena a known corroborating witness, failed to protect the petitioner’s right to testify, failed to file written requested jury instructions, failed to interpose an objection when defendant allegedly was not present during an in-chambers discussion between the Trial Court and a juror or allegedly during a time the Trial Court held communications with the jury during deliberations, failed to obtain a copy of the ‘exemplar’ to ascertain if it actually contained the defendant’s voice, failed to object to the lineup/speak-up conducted without defendant’s attorney [being present], failed to object to comments of the prosecutor during closing' arguments, failed to object to the method of the acquisition of the voice ‘exemplar,’ that trial counsel caused the jury to deliberate outside the deliberations room, and again that trial counsel failed to object to the court order to produce when said order was based upon illegally obtained voice evidence.
“Petitioner also avers that the indictment is void as it was obtained through evidence and testimony thereof gained pursuant to violations of the petitioner’s constitutionally protected rights of due process and [against] unreasonable search and seizure and in violation of a court order to produce bodily fluid samples.
“Petitioner also files an amended ground for relief alleging that the State failed to meet the established standards of admissibility for DNA evidence and related statistical evidence as set forth in the case of Ex parte Perry, 586 So.2d 242 [ (Ala.1991) ], and Code of Alabama Title 36-18-23 and -31.
*1213 “The undersigned Judge presided over the trial of this case and had an opportunity to observe the performance of the trial counsel. While the- issues concerning DNA evidence are complex evidentiary issues for any attorney, the attorney representing this petitioner at trial did an exemplary job of not only protecting the petitioner’s constitutional rights but provided representation at trial before a jury above and beyond the abilities of the average trial attorney. This attorney also procured experts to rebut the DNA evidence offered by the State and was very meticulous in reviewing and attacking each and every step in the analysis offered by the State’s expert witnesses. Any allegation of a deficient performance of petitioner’s trial attorney made by the petitioner or anyone on his behalf is absolutely without merit. The petitioner fails to meet his burden of establishing that his trial attorney’s performance was deficient or fell below the objective standard of reasonableness and that this deficiency actually prejudiced him at trial. Petitioner’s complaint that certain witnesses were not called can certainly be attributed to sound trial strategy which this Court will not second-guess.
“Petitioner’s complaints of the admissibility of DNA evidence and statistical information was raised at trial and on appeal and said complaints are precluded by Rule 32.2(a)(2) & (3) and 32.2(a)(4) & (5), Ala.R.Cr.P.
“Petitioner’s complaints for relief pursuant to Rule 32, Ala.R.Cr.P., are due to be and are hereby denied. Costs of court are hereby taxed to petitioner.
“DONE and ORDERED this 23rd day of February, 1998.”
(C. 47-50.)
From the record before us, as well as the circuit court’s dismissal order, we can determine that some of the claims raised in Black’s petition are either without merit or are precluded. In claim (3), above, Black alleges that his appellate counsel was ineffective for failing to follow the procedure set out in Ex parte Jackson to preserve the claims of ineffective assistance of trial counsel. The record shows that appellate counsel was appointed after the motion for a new trial was denied and outside the time limit for filing such a motion. Consequently, even had appellate counsel filed a motion pursuant to Jackson, the trial court would have been without jurisdiction to entertain a motion for a new trial raising claims of ineffective assistance of counsel, and this court would not have reviewed any such claims raised in the motion. See Evans v. State, 722 So.2d 778, 779 (Ala.Cr.App.1997) (because appellate counsel was appointed more than 30 days after sentencing, even had counsel invoked the Jackson procedure, the trial court would have had no jurisdiction to consider the motion for a new trial, and this court would not have reviewed the claims raised in the motion). This claim is without merit, as a matter of law.
Based on established caselaw, the circuit court may summarily dismiss a petition without an evidentiary hearing, provided that the judge “‘has personal knowledge of the actual facts underlying the allegations on the petition’” and “‘so long as [the court] states the reasons for the denial in a written order.’ ” Teasley v. State, 704 So.2d 104, 105 (Ala.Cr.App.1997), quoting Sheats v. State, 556 So.2d 1094, 1095 (Ala.Cr.App.1989). Having reviewed Black’s petition and the circuit court’s dismissal order, we find that, except for claim (3), above, the court failed to adequately address each claim in stating its reasons for dismissing the petition.
*1214 The state has requested that we remand this cause for the circuit court to make findings of fact. In accordance with the state’s request, we remand this cause to the circuit court with directions that it make specific findings as to each allegation raised in Black’s petition. If any of the claims are precluded by the grounds set out in Rule 32.2(a) or 32.6(b), Ala.R. Grim. P., or if a particular allegation fails to state a claim or fails to present any material issue of fact or question of law that would entitle Black to relief, the circuit court should so state in its written findings. If the circuit court finds that any of Black’s claims, particularly the claims of ineffective assistance of trial and appellate counsel, are meritorious on their face, the court may dispose of the claims through any of the methods set out in Rule 32.9(a), Ala. R.Crim.P. Due return to this court shall be made within 56 days of the date of this opinion. The return to remand shall include the circuit court’s written findings along with a transcript of the evidentiary hearing, if any, and other evidence taken by the court.
REMANDED WITH DIRECTIONS. 
McMILLAN, COBB, BASCHAB, and FRY, JJ., concur.