McMILLAN, Presiding Judge.
The appellant, Oliver Eugene Pride, filed a pleading with the Jefferson County Circuit Court, Bessemer Division, which he styled as a “petition for writ of habeas corpus.” With his petition, the appellant filed a motion to transfer the petition to the Colbert Circuit Court, because that court was the court of original jurisdiction. The State also moved to transfer the petition on the ground that the appellant was seeking postconviction relief pursuant to Rule 32, Ala.R.Crim.P. The petition was transferred to Colbert County, where it was assigned to Judge N. Pride Tompkins. The appellant then filed a motion for additional time to respond, and Judge Tompkins issued the following order:
“This cause comes before the Court on a Motion to Transfer and a Motion for Additional Time and the Court considering the same, it is therefore ORDERED, ADJUDGED, AND DECREED by the Court that said motion is deemed DENIED.”
This appeal followed.
It is unclear whether the trial court refused to accept jurisdiction over the appellant’s petition. The Jefferson Circuit Court properly treated the petition as a Rule 32 petition and transferred it to the court of original jurisdiction. Hiett v. State, 642 So.2d 492 (Ala.Crim.App.1993). Therefore, the Colbert Circuit Court may not refuse to accept the petition. If, however, the Colbert Circuit Court’s order was not a refusal of jurisdiction, there has been no final order in this matter, as the order merely denies “the motions.” Accordingly, *850 an appeal will not lie. Lawton v. State, 723 So.2d 826 (Ala.Crim.App.1998).
Because the intent of the trial court is not clear, we are remanding this matter to the Colbert Circuit Court for that court to clarify its September 14, 2000, order. The trial court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 42 days of the release of this opinion.
REMANDED WITH DIRECTIONS. 
COBB, BASCHAB, SHAW, and WISE, JJ., concur.