AVISE, Judge.
The appellant, Charleston D. Thomas, was convicted of one count of attempted first-degree kidnapping, in violation of §§ 13A-4-2 and 13A-6-43, Ala.Code 1975. He was sentenced to 20 years’ imprisonment. Thomas filed a motion for a new trial; one of the claims in the motion for a new trial alleged that Thomas’s counsel *1289 was ineffective because counsel had failed to subpoena for trial Henrietta Burroughs, an alibi witness who would have testified that Thomas was with her at the time of the alleged offense. After conducting an evidentiary hearing on Thomas’s motion for a new trial, the trial court denied Thomas’s motion, without making any findings regarding Thomas’s claims. This appeal followed.
Pursuant to a subpoena issued for her appearance, Burroughs appeared and testified at the hearing on Thomas’s motion for a new trial. She stated that during a period that included March 22, 2005 — the date the alleged incident occurred — she and Thomas were involved in a romantic relationship. However, Burroughs stated, they had since ended their relationship. Burroughs lived just down the street from where the alleged incident occurred. According to Burroughs, Thomas spent the preceding night and much of the day at her house. Burroughs testified that except for a 15-20 minute period around 10:30 a.m., Burroughs was never out of her presence. She stated that she was certain that she and Burroughs were together inside her house at 1:30 p.m. on March 22, 2005 — the time the alleged incident occurred. She said that Thomas remained at her house until sometime after 3:00 p.m.
Burroughs testified that the lawyer who was handling Thomas’s case came to Brookwood Hospital, where she was employed, to speak to her and that because she was not available, he spoke to her supervisor, who gave her a message asking Burroughs to telephone him. Burroughs testified that when she attempted to telephone the number on the message, she discovered that “it was a cell phone number, and it was a disconnected number.” According to Burroughs, Thomas’s lawyer made several other attempts to contact her at work, but was unsuccessful for various reasons. She initially stated that Thomas knew how to contact her at home or at work and knew her work schedule. However, Burroughs subsequently testified that because she had moved within the past year, she was not sure that Thomas knew her new home address and telephone number. Nevertheless, she stated, she continued to maintain her same employment in the housekeeping department of Brookwood Hospital.[1] Burroughs stated that she was not avoiding Thomas’s lawyer. When asked why she did not come to court and testify on Thomas’s behalf, Burroughs stated, “Nobody got in touch with me, so I didn’t know anything about as far as the date or anything like that.” (R. 215.)
Thomas’s mother, Mary Elizabeth Thomas, testified that she had talked to her son’s trial counsel about his failure to call Burroughs as a witness. According to Mrs. Thomas, counsel told her that he had gone to the hospital several times attempting to contact Burroughs and had been asked to leave. She stated that counsel told her that he was not going back to the hospital. Mrs. Thomas testified that counsel told her that he would wait until Burroughs “showed up.” She also testified that when she questioned counsel about his failure to call any witnesses who could provide her son with an alibi, counsel stated: “I don’t give a f — . They have got to prove him guilty. I have to show reasonable [doubt].” (R. 223-24.) Because she was worried about counsel’s failure to contact Burroughs, Mrs. Thomas went to Brookwood Hospital in an attempt to contact Burroughs. She stated that on one occasion Burroughs was not at work, but on a subsequent occasion Burroughs told her that she was working and would have *1290 to telephone her when she went home. According to Mrs. Thomas, Burroughs did telephone her son before trial, but she was never called to testify. Thomas testified that on the day of the alleged offense, he was inside the house of his former girlfriend, Henrietta Burroughs, all day long. He testified that he remained inside watching movies with Burroughs and her children all day, until he left her house around 3:45 that afternoon. Thomas testified that the only time he was anywhere near the location of the alleged offense was when he walked by that location on his way to the bus stop after he left Burroughs’s house. Thomas stated that after he and Burroughs broke up, he gradually lost contact with her. However, he stated that he told his attorney that Burroughs could be contacted at her place of employment. When asked to explain why he did not make more of an effort to contact Burroughs himself, Thomas stated that he was following his counsel’s advice. According to Thomas, “he [counsel] told me to give him the list of all the people and let him be in contact with them, not me. And that’s exactly what I did.” (R. 244.)
The State offered no evidence in rebuttal. In an entry dated August 11, 2006, the trial court noted: “Motion [for] new trial denied.” (C. 4.)
To prevail on a claim of ineffective assistance of counsel, a petitioner must show (1) that his counsel’s performance was deficient and (2) that he was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Ex parte Lawley, 512 So.2d 1370, 1372 (Ala.1987). “The performance component outlined in Strickland is an objective one: that is, whether counsel’s assistance, judged under ‘prevailing professional norms,’ was ‘reasonable considering all the circumstances.’ ” Daniels v. State, 650 So.2d 544, 552 (Ala.Crim.App.1994) (quoting Strickland, 466 U.S. at 688, 104 S.Ct. 2052). “A court deciding an actual ineffectiveness claim must judge the reasonableness of counsel’s challenged conduct on the facts of the particular case, viewed as of the time of counsel’s conduct.” Strickland, 466 U.S. at 690, 104 S.Ct. 2052.
Unlike the trial court, we have nothing before us except a transcript of Burroughs’s testimony. Based solely on the transcript, it would appear that Thomas has met the two-pronged test set out in Strickland to establish ineffective assistance of counsel; namely, if counsel had subpoenaed Burroughs and she had testified at trial, and if the jury had believed her testimony, then the jury would have acquitted Thomas.[2] However, a transcript of a witness’s testimony offers no way of judging the credibility of the witness. Unlike this Court, the trial court had the opportunity to observe the testimony of any witnesses offered in support of Thomas’s motion — including Burroughs; therefore, it is in the best position to make findings of fact regarding Thomas’s claims and the credibility of any witnesses who testified in support of those claims. It is the responsibility of this Court to review the credibility determinations and findings of fact made by a trial court, rather than to make such findings itself.
Accordingly, we remand this case to that court with instructions that it make specific, written findings of fact as to Thomas’s ineffective-assistance-of-counsel allega *1291 tions. See Busby v. State, 974 So.2d 1032 (Ala.Crim.App.2006) (remanding for specific findings of fact on ineffective-assistance-of-counsel claims raised in a motion to withdraw a guilty plea); Vinnie v. State, 866 So.2d 1175 (Ala.Crim.App.2002) (remanding for specific findings on ineffee-tive-assistance-of-counsel claims raised in a motion for a new trial); Stallings v. State, 793 So.2d 867 (Ala.Crim.App.2000) (remanding for specific findings of fact on ineffective-assistance-of-counsel claims raised in a motion for a new trial); Tubbs v. State, 753 So.2d 1209 (Ala.Crim.App. 1999) (remanding for specific findings of fact on ineffeetive-assistance-of-counsel claims raised in a motion for a new trial); see also Black v. State, 794 So.2d 1210 (Ala.Crim.App.1999) (remanding for specific findings of fact on ineffective-assistance-of-counsel claim that counsel failed to subpoena an alibi witness raised in a petition for postconviction relief); David v. State, 416 So.2d 778 (Ala.Crim.App.1982) (remanding for evidentiary hearing and specific findings of fact on ineffective-assistance-of-counsel claim that counsel failed to subpoena an alibi witness raised in a petition for postconviction relief). If the trial court determines that Thomas is entitled to relief on his claim, then the court may grant such relief as it deems appropriate.
The trial court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 56 days of the release of this opinion. The return to remand shall include the trial court’s specific, written findings of fact; a copy of the State’s response, if any; and a transcript of the remand proceedings, if any, conducted by the trial court. Because it is necessary to remand this case, we pretermit discussion of Thomas’s remaining claims.
REMANDED WITH DIRECTIONS. 
WELCH, J., concurs. BASCHAB, P.J., and McMILLAN and SHAW, JJ., concur in the result.

. Burroughs was subpoenaed at her place of employment.

. We note that in other jurisdictions the failure to subpoena an alibi witness has been held to constitute ineffective assistance of counsel. See, e.g., Perkins-Bey v. State, 735 S.W.2d 170 (Mo.App.1987); City of Middletown v. Allen, 63 Ohio App.3d 443, 579 N.E.2d 254 (1989).