James BEAMON

v.

STATE of Alabama.

CR–11–1688.

Court of Criminal Appeals of Alabama.

May 2, 2014.

James Beamon, pro se, for appellant.

Luther Strange, atty. gen., and Kristi O. Wilkerson, asst. atty. gen., for appellee.

WELCH, Judge.

James Beamon[1] appeals from the Montgomery Circuit Court's summary dismissal of his Rule 32, Ala. R.Crim. P., petition for postconviction relief. The petition challenged Beamon's January 27, 2010, convictions of first-degree kidnapping, a violation of § 13A–6–43, Ala.Code 1975, and first-degree robbery, a violation of § 13A–8–41, Ala.Code 1975, and his sentences of two concurrent terms of life imprisonment without the possibility of parole.

On July 16, 2010, in an unpublished memorandum, this Court affirmed Beamon's convictions and sentences on direct appeal. See *Beamon v. State* (No. CR–09–0599), 84 So.3d 1018 (Ala.Crim.App.2010) (table). The certificate of judgment in *Beamon* was issued on October 8, 2010.

The record discloses that Beamon's Rule 32 petition and an in forma pauperis petition were filed in the circuit clerk's office on April 11, 2011.[2] Beamon presented the following claims in his petition:

---

1. In some parts of the record, Beamon's name is reflected as "Beamon–Bey."

2. On its face, Beamon's petition indicates that it was executed on April 4, 2011; however, Beamon failed to respond to question 18 on the standardized petition form, which asks "What date is this petition being mailed?"

Therefore, Beamon was deprived of the benefits of the "prison mailbox rule." See, e.g., *Ex parte Allen,* 825 So.2d 271, 272 (Ala.2002) ("Alabama courts have held that a pro se incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison

1. Counsel failed to ask voir dire questions of the jurors so that counsel could utilize challenges for cause and/or peremptory challenges;

2. Counsel failed to object to the prosecution's eliciting testimony as to an essential element of the offense from the victim without any evidence of the charge having been admitted;

3. Counsel failed to make a fair-cross-section argument when the venire did not include men;

4. Counsel failed to object, under either *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), or *J.E.B. v. Alabama*, 511 U.S. 127, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994), to the prosecution's use of its peremptory challenges to exclude potential jurors solely on the basis of race and gender;

5. Counsel failed to adequately inform Beamon of his right to testify in his own defense which deprived him of presenting the alibi that he was not at the scene of the crime, as testified to by one of the arresting officers;

6. Counsel failed to request lesser-included-offense instructions;

7. Counsel failed to move to dismiss the kidnapping charge on the ground that Beamon was never arrested and charged with kidnapping;

8. Counsel failed to object to Beamon's being sentenced under § 13A–5–9(c)(4), Ala.Code 1975, on the basis that the statute is unconstitutional because it discriminates based solely on the classification of the offense;

9. The trial court was without jurisdiction to render judgment because Beamon was denied counsel at his initial appearance; and

10. The trial court was without jurisdiction to render judgment or to impose

sentences because Beamon was never arraigned on the charges against him.

The record does not contain a response from the State, nor does the case-action summary reflect that a response was filed. However, in its June 28, 2012, judgment denying the petition, the circuit court referenced its review of the State's "Answer and Motion for Summary Disposition." (C. 51.) Beamon asserted in his July 11, 2012, motion to alter, amend, or vacate the circuit court's June 28, 2012, judgment that he had not received the State's response to his Rule 32 petition, and, thus, he asserted that he was denied due process.

On August 26, 2011, *before* ruling on Beamon's request to proceed in forma pauperis, a hearing was conducted on Beamon's Rule 32 petition. At the end of the hearing, the circuit court stated that it would issue its judgment on a later date. The transcript from that hearing is included in the record on appeal, but there is no reference to that hearing on the case-action summary.

On September 20, 2011, *after* conducting the hearing on the Rule 32 petition, the judge presiding over the proceedings denied Beamon's request to proceed in forma pauperis.

On June 28, 2012, *after denying* Beamon's request to proceed in forma pauperis and *after* Beamon had *paid the filing/docketing fee*, the circuit court issued the following written order ruling that Beamon was not entitled to relief:

"This Court, having reviewed the Petitioner's 'Petition for Relief from Conviction or Sentence' filed pursuant to Rule 32 *A.R.Crim.P.* and the State's 'Answer

officials for mailing."); and Rule 4(c), Ala. R.App. P.

and Motion for Summary Disposition'[3] hereby finds as follows:

"The Petitioner, having been convicted by a jury of Robbery in the First Degree and Kidnapping in the First Degree, claims he received ineffective assistance of counsel because he was advised by his attorney not to testify and put forth an alibi defense. Though the Petitioner asserts this as a jurisdictional claim, it is not. A claim of ineffective assistance of counsel is a non-jurisdictional claim and is subject to the procedural bars contained in Rule 32.2, [Ala. R.Crim.P.] *Cogman v. State*, 852 So.2d 191, 192 (Ala.Crim.App.2002). As the Petitioner's claim is not jurisdictional, it is barred by Rule 32.2 as it exceeds the allowed time period for filing a Rule 32 Petition.

"Further, the Petitioner has failed to *plead* with specificity, any facts which support his claim of an alibi. The Petitioner bears the *burden of proof* and he fails to meet that burden where he simply makes bare allegations and conclusions that constitutional rights have been violated without providing any factual basis for his claim. *Davis v. State*, 720 So.2d 1006, 1016 (Ala.Crim.App. 1998).

"For the above stated reasons, this Petition is barred and the Petitioner is not entitled to the relief requested in accordance with Rules 32.2 and 32.3 of the Alabama Rules of Criminal Procedure and his petition is DENIED. All costs associated with these proceedings SHALL BE TAXED AGAINST PETITIONER."

(C. 51–52.)(Capitalization in original; emphasis added.)

On July 11, 2012, Beamon filed a motion asking the circuit court to alter, amend, or vacate, its June 28, 2012, judgment. Beamon asserted: 1) that the circuit court addressed only 2 of his 10 claims; 2) that the circuit court erred because, he says, it labeled his ineffective-assistance-of counsel claim as a jurisdictional claim; 3) that the circuit court erred in finding the claims time-barred under Rule 32.2(c), Ala. R.Crim.P.; and 4) that he was denied due process because he did not receive the State's response that was referenced in the circuit court's judgment. Beamon noted that the evidence adduced at the hearing that had been conducted before the filing fee had been paid had not been considered by the circuit court, and, thus, Beamon requested an evidentiary hearing on his claims. Specifically, Beamon stated the following regarding the circuit court's review of his petition:

"3. That this Honorable Court previously conducted an evidentiary hearing in this exact same proceeding, however due to an apparent mix-up regarding the filing fee, this court after receipt of the fee, apparently addressed the Petition anew, in any event, petitioner has never received a copy of the District Attorney Response to the petition referred to in this Court's Order, to refute the [sic] disprove the grounds of preclusion alleged by the District Attorney in its 'Answer and Motion for Summary Disposition' referred to in this Court's Order.

"Rule 32.7 A.R.Crim.P. allows the petitioner an opportunity to refute the State's response, here because Petitioner never received a[n] Answer from the District Attorney, he was deprived of Due process. *Hug[h]ley v. State*, 615 So.2d 1244 (Ala.Crim.App.1992); *Ex Parte Rice*, 565 So.2d [606] (Ala.199[0]).

"4. That the petition on its face, pleads facts with documentary evidence,

---

**3.** As previously stated, that motion is not part of the appellate record.

that entitle petitioner to relief, therefore, this Court should vacate its judgment, and set this cause for an Evidentiary hearing on the merits. See Rule 32.9, Ala. R.Crim. P."

(R. 54–55.) On August 7, 2012, the circuit court denied Beamon's postjudgment motion. Beamon appealed.

### Analysis

■ " 'When reviewing a circuit court's denial of a Rule 32 petition, this Court applies an abuse-of-discretion standard.' " *Shouldis v. State,* 38 So.3d 753, 761 (Ala. Crim.App.2008) (quoting *Whitman v. State,* 903 So.2d 152, 154 (Ala.Crim.App. 2004), citing in turn *McGahee v. State,* 885 So.2d 191 (Ala.Crim.App.2003)). However, "when the facts are undisputed and an appellate court is presented with pure questions of law, that court's review in a Rule 32 proceeding is de novo." *Ex parte White,* 792 So.2d 1097, 1098 (Ala.2001) (citing *State v. Hill,* 690 So.2d 1201, 1203 (Ala.1996)).

### I.

Beamon asserts the following on appeal:

"Initially, Appellant James Beamon–Bey, asserts that this case presents a strange procedure posture, but to be sure that this Court is not confused, the Circuit Court initially conducted an evidentiary hearing and received evidence on Beamon's petition and prior to making a ruling the Court determined that it had not ruled on Beamon's In forma Pauperis declaration, and delayed a ruling until the filing fee was paid, once the filing fee was paid, it appears from the order of the circuit court that the court

decided the case anew, disregarding the evidentiary hearing and the evidence that was presented in this case."

(Beamon's brief at p. 8.)

Beamon then contends that, in ruling on his petition, the circuit court abused its discretion because it "overlooked the record and misinterpreted appellant's claims." (Beamon's brief at p. 10.) Specifically, Beamon claims that the circuit court erred because 1) it incorrectly held that his claims were barred by the limitations period in Rule 32, 2) the circuit court addressed only 2 of Beamon's 10 claims, and 3) the circuit court, he says, incorrectly labeled his ineffective-assistance-of-counsel claims as jurisdictional claims.

### A.

Our review of the record discloses that the circuit court applied the limitations period in Rule 32.2(c) to only one of Beamon's claims—that counsel was ineffective for telling him not to testify, which, according to Beamon, caused him to forgo an alleged, but unspecified, alibi defense.[4]

Beamon's petition was timely filed, and thus his claims were timely asserted, on April 11, 2011. Pursuant to Rule 32.2(c), Beamon had one year from October 8, 2010—the date of the issuance of the certificate of judgment concluding his direct appeal—from which to timely file his Rule 32 petition. In *Hyde v. State,* 950 So.2d 344, 353 (Ala.Crim.App.2006), this court held that "[a] Rule 32 petition is deemed filed for purposes of the limitation period the date the petition, accompanied by a request to proceed in forma pauperis, is submitted to the circuit court, not the date the circuit court grants the request to

---

4. In his petition, Beamon asserted as an ineffective-assistance-of-counsel claim that his trial counsel did not allow him to testify on his own behalf at trial. As an alleged fact supporting the alleged truth of this claim, Beamon asserted that he would have presented an alibi if he had been allowed to testify. On appeal, Beamon has divided this claim into two separate claims—that counsel was ineffective and that he had an alibi.

proceed in forma pauperis."[5] In this case, that date is April 11, 2011. The *Hyde* Court explained that a Rule 32 petition must be deemed filed when the Rule 32 petition and the in forma pauperis petition are submitted to the circuit clerk, because

"[t]o hold otherwise would allow inadvertence on the part of a circuit court in failing to rule on a request to proceed in forma pauperis, as occurred in this case, to operate as a time-bar to a petition that was properly submitted in accordance with the requirements in Rule 32.6(a)[, Ala.R.Crim.P.,] within the limitations period and would directly conflict with cases from both the Alabama Supreme Court and this Court indicating that the correct filing date of a Rule 32 petition is the date the petition and the in forma pauperis request are submitted, not the date the in forma pauperis request is granted. See *Ex parte Nesbitt*, 850 So.2d 228, 232 (Ala.2002) (holding that the circuit court's error in ruling on a Rule 32 petition without first collecting the filing fee or granting the petitioner's request to proceed in forma pauperis 'should not prevent [the petitioner's] petition from being addressed by the Court of Criminal Appeals on the ground that it was filed outside the two-year[6] limitations period'); *Madden v. State*, 885 So.2d 841, 844 (Ala.Crim.App. 2003) (opinion on return to remand) (holding that the circuit court's denial of Rule 32 petition was void because the court had not collected the filing fee or granted the petitioner's request to proceed in forma pauperis, but that the

petition 'stands as filed in the circuit court' the date it was originally submitted); and *Baker v. State*, 885 So.2d 241, 244 (Ala.Crim.App.2003) (same). Accordingly, to the extent that *Clemons [v. State*, 55 So.3d 314 (Ala.Crim.App.2003) (opinion on return to remand)], holds that a Rule 32 petition is not deemed 'filed' until the date the circuit court grants the request to proceed in forma pauperis, it is hereby overruled."

950 So.2d at 353–54 (footnote omitted).

▪ *Hyde* established the principle that filing a request to proceed in forma pauperis with a timely filed Rule 32 petition, in accordance with the requirements in Rule 32.6(a), Ala.R.Crim.P., demonstrates that the petitioner has "a bona fide intent to proceed with the Rule 32 proceeding." *Hyde v. State*, 950 So.2d at 353. Thus, in *Hyde*, the lower court's *granting* the timely filed request to proceed in forma pauperis after the limitations period provided in Rule 32.2(c) had expired did not render the Rule 32 petition procedurally precluded. It follows that the same is true when the in forma pauperis petition is *denied*—a Rule 32 petition is deemed timely filed so long as the Rule 32 petition and the request to proceed in forma pauperis are timely filed in the circuit court.

▪ We hold that when a request to proceed in forma pauperis is *denied*, the circuit court should, by order, give the petitioner a reasonable time, such as 30 days, to pay the filing fee and that such reasonable time to make payment may include a period extending beyond the ex-

---

5. *Hyde* also states: "In those cases, as in *Clemons [v. State*, 55 So.3d 314 (Ala.Crim. App.2003),] in which a petition is initially submitted without a request to proceed in forma pauperis, the correct filing date would be the date the request to proceed in forma pauperis is eventually submitted." 950 So.2d at 353 n. 6.

6. "Rule 32.2(c) was amended effective August 1, 2002, to reduce the limitations period to one year. For those cases that … became final before August 1, 2001, however, the two-year limitations period applies." *Hyde v. State*, 950 So.2d at 349 n. 2.

piration of the limitations period. If the petitioner does not pay the filing fee within the time set forth in the circuit court's order, the circuit court may then dismiss the petition for lack of jurisdiction to consider the petition. See *Carpenter v. State*, 782 So.2d 848, 849 (Ala.Crim.App.2000) ("[A]bsent the payment of a filing fee or the granting of a request to proceed in forma pauperis the trial court fails to obtain subject matter jurisdiction to consider a postconviction petition." (citing *Goldsmith v. State*, 709 So.2d 1352 (Ala.Crim. App.1997))).

In this case, Beamon's Rule 32 petition and in forma pauperis petition were timely filed within one year of the issuance of the certificate of judgment in his direct appeal. Therefore, the circuit court erroneously ruled that Beamon's Rule 32 petition was filed beyond the limitations period found in Rule 32.2(c), Ala. R.Crim. P., and that the claim addressed by the circuit court was procedurally barred from review. Therefore, we remand the case with instructions to the circuit court to set aside its judgment insofar as it held that Beamon's Rule 32 petition was untimely.

■ Moreover, the circuit court provided the following alternative ruling:

"Further, the Petitioner has failed to *plead* with specificity, any facts which support his claim of an alibi. The Petitioner bears the *burden of proof* and he fails to meet that burden where he simply makes bare allegations and conclusions that constitutional rights have been violated without providing any factual basis for his claim."

(C. 51–52.)(Emphasis added.) This ruling erroneously blends the requirement that a petitioner initially has the burden of pleading facts in his petition, which if proven to be true would entitle the petitioner to the relief sought, with the requirement that, after it is determined that a claim has been sufficiently pleaded, a petitioner has the burden of actually presenting proof, pursuant to a method provided in Rule 32.9, Ala. R.Crim. P., that establishes the truth of a sufficiently pleaded claim. See *Ford v. State*, 831 So.2d 641, 644 (Ala.Crim.App. 2001) ("Once a petitioner has met his burden of pleading so as to avoid summary disposition pursuant to Rule 32.7(d), Ala. R.Crim. P., he is then entitled to an opportunity to present evidence in order to satisfy his burden of proof.").

Because the circuit court's alternative finding is ambiguous, the circuit court is instructed to clarify this finding on remand.

## B.

■ Beamon correctly asserts that the circuit court erred when it failed to address all the claims raised in his petition.

■ Because the circuit court specifically addressed two of Beamon's claims, but said nothing regarding the remaining claims, it would appear, as Beamon argues, that the circuit court denied the petition without reviewing all of Beamon's claims.[7] Because we are remanding this case to the

---

7. Citing *McNabb v. State*, 991 So.2d 313, 334–35 (Ala.Crim.App.2007), Judge Joiner, in his special writing, sua sponte determines that the claims not specifically addressed in the circuit court's order were insufficiently pleaded, a determination that, he says, "is consistent with the principle that, 'when reviewing a circuit court's rulings made in a postconviction petition, we may affirm a ruling if it is correct for any reason.' *Bush v. State*, 92 So.3d 121, 134 (Ala.Crim.App.2009)." 204 So.3d at 10 (Joiner, J., concurring in part and dissenting in part in the rationale and concurring in the result). That principle is a valid one. However, in this case, no ruling was entered addressing the majority of Beamon's claims. In other words, the circuit court did not summarily deny those claims; rather the circuit court failed to rule on the claims.

circuit court for the reasons set forth in part I.A., we further instruct the circuit court to address all of Beamon's claims on remand. Our instructions in this regard are not to be interpreted as a finding by this Court that Beamon's unaddressed claims have been sufficiently pleaded. See, generally, *Gordon v. State*, 987 So.2d 1181, 1183 (Ala.Crim.App.2006)(holding that, when claims were *sufficiently* pleaded, the circuit court's failure to specifically address the claims required a remand).

### C.

■ Beamon contends that the circuit court incorrectly labeled his ineffective-assistance-of-counsel claims as jurisdictional claims. The circuit court stated in its order: "A claim of ineffective assistance of counsel is a non-jurisdictional claim and is subject to the procedural bars contained in Rule 32.2, [Ala.R.Crim.P.] *Cogman v. State*, 852 So.2d 191, 192 (Ala.Crim.App. 2002)." (C. 51.) There was no abuse of discretion as to the circuit court's statement regarding jurisdiction.

### II.

■ Beamon, citing *Ex parte McCall*, 30 So.3d 400 (Ala.2008), contends that the circuit court failed to make findings of fact as to all of his claims. It appears from the record, and Beamon appears to concede, that the circuit court realized that the hearing was void because the circuit court had not obtained jurisdiction over the Rule 32 petition at the time it conducted the hearing. Therefore, the circuit court did not consider any evidence presented at the hearing when ruling on the petition. See, e.g., *Hyde v. State*, 894 So.2d 808, 809 (Ala.Crim.App.2004) ("A circuit court does not obtain subject matter jurisdiction of a Rule 32 petition until either a filing fee has been paid or a request to proceed in forma pauperis has been granted.") Ultimately,

the circuit court summarily disposed of the petition by applying the time-bar to the only claim it addressed. "Rule 32.7 does not require the trial court to make specific findings of fact upon a summary dismissal." *Fincher v. State*, 724 So.2d 87 (Ala. Crim.App.1998). Therefore, because the circuit court disposed of Beamon's petition without conducting a hearing, and because the only claim specifically addressed in the circuit court's judgment was denied on the basis that it was untimely, providing findings of facts was not required.

### Conclusion

Accordingly, this case is remanded for the circuit court to set aside its judgment insofar as it held that the petition was filed outside the time allowed for filing a Rule 32 petition. See Rule 32.2(c), Ala. R.Crim. P. The circuit court is further instructed to address each claim Beamon presented in his petition and to clarify its ruling regarding the "alibi" claim. On remand, the trial court should supplement the record with the State's "Answer and Motion for Summary Disposition" referenced in the circuit court's June 18, 2012, judgment, and order that Beamon be served with this response and allowed a reasonable amount of time to file a reply. The circuit court may dispose of Beamon's claims by utilizing any applicable provision in Rule 32, and it may receive evidence as provided in Rule 32.9, Ala. R.Crim. P., on any claim the circuit court finds to be sufficiently pleaded. If evidence is taken on a claim, the circuit court shall issue specific written findings of fact regarding the claim, in accordance with Rule 32.9(d), Ala. R.Crim. P. In any event, the circuit court shall announce, in a written order, its judgment, its findings of fact (where applicable), and its conclusion as to each claim. The circuit court shall take all necessary action to allow the circuit clerk to file a return to remand with

this Court within 60 days from the release of this opinion.

REMANDED WITH DIRECTIONS.*

WINDOM, P.J., and BURKE, J., concur.

JOINER, J., concurs in part, dissents in part, and concurs in the result, with opinion.

KELLUM, J., dissents, with opinion.

JOINER, Judge, concurring in part and dissenting in part as to the rationale and concurring in the result.

I concur in part and dissent in part as to the rationale, and I concur in the result.

## I.

### A.

I agree with the holding of the main opinion—which decides a question of first impression—that "when the in forma pauperis petition is *denied* a Rule 32[, Ala. R.Crim. P.,] petition is deemed timely filed so long as the Rule 32 petition and the request to proceed in forma pauperis are timely filed in the circuit court." 204 So.3d at 6. I likewise agree with the main opinion's holding that,

> "when a request to proceed in forma pauperis is *denied,* the circuit court should, by order, give the petitioner a reasonable time, such as 30 days, to pay the filing fee and that such reasonable time to make payment may include a period extending beyond the expiration of the limitations period. If the petitioner does not pay the filing fee within the time set forth in the circuit court's order, the circuit court may then dismiss

the petition for lack of jurisdiction to consider the petition."

204 So.3d at 6–7.

Although I agree with those holdings, I cannot determine, based on the record before this Court, *when* James Beamon paid the filing fee; thus, it is unclear whether Beamon's payment of the filing fee was, in fact, made within "a reasonable time" after the request to proceed in forma pauperis was denied. Rather than hold that the circuit court erred by not following the new rule of law the Court has announced today, I would remand this case for clarification on this matter and, if necessary, additional findings of fact. If this case is to be remanded—and, as I explain below, I think it should be remanded—at a minimum I think the circuit court should have the option on remand to determine whether Beamon's payment of the filing fee was made within a reasonable time after his request to proceed in forma pauperis was denied.

I disagree with the Court's conclusion that the circuit court's order "erroneously blends" the petitioner's burden of *pleading* his claim with his subsequent burden to *prove* a sufficiently pleaded claim. 204 So.3d at 7. Although the circuit court concluded that Beamon failed to meet his "burden of proof" as to his alibi claim, the reason given for that conclusion is that Beamon's petition "simply makes bare allegations and conclusions that constitutional rights have been violated without providing any factual basis for his claim." In other words, although the circuit court should have stated that Beamon failed to sufficiently *plead* his claim rather than that Beamon failed to sufficiently *prove* his claim, the circuit court's reasoning makes

---

* Note from the reporter of decisions: On September 11, 2015, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On February 5, 2016, that court denied rehearing, without opinion. On April 15, 2016, the Supreme Court denied certiorari review, without opinion (1150520).

it clear that the court concluded the claim was insufficiently pleaded.

## B.

I disagree with the Court's conclusion that the circuit court "failed to address all the claims raised in [Beamon's] petition" and its conclusion that the circuit court "failed to rule on the claims" it did not specifically address. 204 So.3d at 7 & n. 7. Although the circuit court's June 28, 2012, judgment specifically addresses only two of the claims presented in the petition, the judgment states: "[The] petition is DE-NIED. All costs associated with these proceedings SHALL BE TAXED AGAINST PETITIONER." (C. 51 (capitalization in original).) Thus, I read the judgment as summarily disposing of the *entire* petition. *Cf.* Rule 32.7(c), Ala. R.Crim. P. (providing for the assessment of the filing fee against the petitioner upon final disposition of the petition under certain circumstances). By summarily disposing of the entire petition, the circuit court implicitly addressed all the claims.[8] Further, because the circuit court summarily dismissed the petition, it was not required to enter specific findings of fact as to all the claims. *See Fincher v. State*, 724 So.2d 87, 89 (Ala.Crim.App.1998) ("Rule 32.7 does not require the trial court to make specific findings of fact upon a summary dismissal. It would be absurd to

require the trial court to resolve a factual dispute where none exists."); *cf.* Rule 32.9, Ala. R.Crim. P. ("The court shall make specific findings of fact relating to each material issue of fact presented."); *Ex parte McCall*, 30 So.3d 400 (Ala.2008). I disagree with the Court's opinion to the extent it suggests that a remand is required when a circuit court uses the words "burden of proof" rather than "burden of pleading"—particularly in a case like Beamon's in which it is apparent that the circuit court did not consider the alibi claim to be sufficiently pleaded. Furthermore, when this Court addresses a summary dismissal of a Rule 32 petition, before remanding the matter for the circuit court to address claims it has not specifically addressed in an order, we typically would sua sponte examine the claims and determine whether any of the claims meet the specificity requirements of Rule 32.6(b), Ala. R.Crim. P., and the pleading requirements of Rule 32.3, Ala. R.Crim. P. *Cf. McNabb v. State*, 991 So.2d 313, 334–35 (Ala.Crim.App.2007) (holding that this Court may sua sponte apply the pleading requirement in Rule 32.6(b), Ala. R.Crim. P.). This practice is consistent with the principle that, "when reviewing a circuit court's rulings made in a postconviction petition, we may affirm a ruling if it is correct for any reason." *Bush v. State*, 92

---

8. If, as the Court concludes in note 7, "the circuit court failed to rule on [most of Beamon's] claims," we do not have before us a final judgment that is appropriate for appellate review. *See Pride v. State*, 801 So.2d 849, 849–50 (Ala.Crim.App.2001) ("If, however, the Colbert Circuit Court's order was not a refusal of jurisdiction, *there has been no final order in this matter*, as the order merely denies 'the motions.' *Accordingly, an appeal will not lie. Lawton v. State*, 723 So.2d 826 (Ala.Crim.App. 1998)." (emphasis added)). If there has been no final judgment, we should dismiss the appeal, because we have no appellate jurisdiction. *Id. See also Hamilton v. Connally*, 959

So.2d 640, 642 (Ala.2006) ("'An appeal will ordinarily lie only from a final judgment; that is, a judgment that conclusively determines the issues before the court and ascertains and declares the rights of the parties.' *Palughi v. Dow*, 659 So.2d 112, 113 (Ala.1995). For a judgment to be final, it must put an end to the proceedings and leave nothing for further adjudication. *Ex parte Wharfhouse Rest. & Oyster Bar, Inc.*, 796 So.2d 316, 320 (Ala.2001). '[W]ithout a final judgment, this Court is without jurisdiction to hear an appeal.' *Cates v. Bush*, 293 Ala. 535, 537, 307 So.2d 6, 8 (1975).").

So.3d 121, 134 (Ala.Crim.App.2009). Thus, this Court could, before remanding this case, independently determine whether Beamon's claims meet the specificity requirements of Rule 32.6(b), Ala. R.Crim. P., and the pleading requirements of Rule 32.3, Ala. R.Crim. P.

The unique circumstances of this case, however, justify a departure from our ordinary practice in reviewing a summary dismissal of a Rule 32 petition. In particular, the Court has announced a new rule of law (with which I agree), but, as stated above, the record does not permit us to determine whether Beamon in fact complied with that new rule by paying the filing fee *within a reasonable time* after his request to proceed in forma pauperis was denied. Again, I think this case should be remanded for the circuit court to have the first opportunity to address this question. Under the circumstances, in the event the circuit court found that Beamon's payment of the filing fee was made within a reasonable time after the denial of the request to proceed in forma pauperis, I would further direct the circuit court to specifically address any claims in Beamon's petition that the court has not yet specifically addressed. Therefore, as to Part I.B. of the Court's opinion, I concur in the result.

### C.

I concur in Part I.C. of the Court's opinion.

### II.

I concur with the Court's conclusion that, under the circumstances, the circuit court was not required to make specific findings of fact as to the claims raised in Beamon's petition.

KELLUM, Judge, dissenting.

I agree with the majority that the circuit court erred in finding James Beamon's Rule 32, Ala. R.Crim. P., petition for post-conviction relief to be time-barred by Rule 32.2(c), Ala. R.Crim. P. I also agree with the majority that in its order the circuit court "erroneously blend[ed] the requirement that a petitioner initially has the burden of pleading facts in his petition, which if proven to be true would entitle the petitioner to the relief sought, with the requirement that, after it is determined that a claim has been sufficiently pleaded [and is otherwise not subject to summary dismissal], a petitioner has the burden of actually presenting proof, pursuant to a method provided in Rule 32.9, Ala. R.Crim. P., that establishes the truth of a sufficiently pleaded claim." 204 So.3d at 7. However, I do not agree that these errors necessitate a remand for further proceedings.

"[T]here exists a long-standing and well-reasoned principle that we may affirm the denial of a Rule 32 petition if the denial is correct for any reason." *McNabb v. State,* 991 So.2d 313, 333 (Ala.Crim.App.2007). Although that principle is limited in Rule 32 proceedings by due-process constraints that require notice at the trial level of the assertion and potential applicability of the affirmative defenses in Rule 32.2, the pleading requirements in Rule 32.3 and Rule 32.6(b), Ala. R.Crim. P., are not affirmative defenses and due-process constraints are not applicable to the burden of pleading. See *Moody v. State,* 95 So.3d 827, 849 (Ala.Crim.App.2011) ("[T]he plain language of Rule 32 is clear that the burden of pleading in a Rule 32 petition is an initial burden placed on the petitioner and is *not* an affirmative defense that must be asserted by the State or found by the circuit court before it can be applied by this Court on appeal.").

I have thoroughly reviewed Beamon's petition, and it is apparent to me that Beamon failed to sufficiently plead any of

his claims in accordance with Rule 32.3, which states that "[t]he petitioner shall have the burden of pleading . . . the facts necessary to entitle the petitioner to relief," and with Rule 32.6(b), which states that "[t]he petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings." I would affirm the circuit court's summary dismissal of Beamon's petition on the ground that his claims were insufficiently pleaded. Therefore, I respectfully dissent.