MAIN, Justice.
Charleston D. Thomas, an inmate, filed a petition for postconviction relief under Rule 32, Ala. R.Crim. P. The Jefferson Circuit Court summarily dismissed the petition. The Court of Criminal Appeals, by unpublished memorandum, affirmed the summary dismissal of Thomas’s petition, concluding that Thomas’s Rule 32 petition was untimely because, at the time he filed his Rule 32 petition, Thomas had not paid the filing fee or filed a request to proceed informa pauperis. Thomas v. State (No. CR-12-0966, Jan. 30, 2015), 207 So.3d 773 (Ala.Crim.App.2015) (table). Thomas petitioned this Court for certiorari review of the Court of Criminal Appeals’ decision, arguing that he had, in fact, filed with his Rule 32 petition a timely request to proceed in forma pauperis. We granted Thomas’s petition for a writ of certiorari to review this issue. We reverse the judgment of the Court of Criminal Appeals and remand the case for further proceedings.
I. Facts and Procedural History
On May 15, 2006, Thomas was convicted of attempted first-degree kidnapping and was sentenced to 20 years’ imprisonment. Thomas filed a direct appeal. The Court of Criminal Appeals ultimately affirmed Thomas’s conviction and sentence and is *537 sued its certificate of judgment on March 5, 2010. Thomas v. State, 43 So.3d 1288, 1291 (Ala.Crim.App.2007). Pursuant to Rule 32.2(c), Ala. R.Crim. P., Thomas had one year from that date in which to fíle a Rule 32 petition for postconviction relief, i.e., until March 7,2011.
Thomas, acting pro se, filed a Rule 32 petition using the standard form found in the Appendix to Rule 32. He attached a supplement setting out his detailed claims for relief. Thomas signed and dated the petition on February 18, 2011. The petition was notarized by a prison official on February 18, 2011. Thomas also completed the standard in forma pauperis declaration. Thomas signed and dated the declaration on February 18, 2011. The declaration was notarized by a prison official on February 18, 2011. Thomas claims that on February 18, 2011, he gave both documents to a prison official to be mailed on his behalf.
On March 18, 2011, the Jefferson Circuit clerk’s office sent Thomas a form letter indicating that it had received his Rule 32 petition but stating that Thomas had failed to include with his petition the filing fee or an application to proceed informa pauper-is. In response to this letter, on March 23, 2011, Thomas filed a “motion for judicial notice that the movant petitioner did, in fact, file his Rule 32 petition with an in forma pauperis form.” [1] In that motion, Thomas stated:
“Comes now, Charleston D. Thomas, pro se, [and] move[s] this Honorable Court to take judicial notice that he did indeed file with his Rule 32 petition a In Forma Pauperis form.... The Clerk’s office sent the movant’s petition back instructing him to include an In Forma Pauperis form, perhaps it was an oversight on the clerks behalf. I have enclosed another In Forma Pauperis Form [with] this motion for Judicial Notice of this happening.”
Thomas included with his motion a new in forma pauperis declaration dated and notarized on March 23, 2011. That declaration is stamped as having been filed with the circuit clerk’s office on March 28, 2011. The record on appeal also contains a copy of the declaration form dated February 18, 2011. That document, however, bears no date stamp indicating that it was received by the circuit clerk’s office.[2]
On May 11, 2011, the circuit court granted Thomas’s request to proceed in forma pauperis. On May 27, 2011, Thomas’s Rule 32 petition was stamped “filed” by the circuit clerk’s office.[3] On July 12, 2011, the State filed a motion requesting that the court reconsider its order granting Thomas in forma pauperis status, arguing that Thomas was not indigent. On September 14, 2011, the circuit court entered an order rescinding its grant of in forma pauperis status and ordering Thomas to pay the filing fee within 90 days. Thomas paid the filing fee.
On January 6, 2012, the State filed its response and a motion to dismiss Thomas’s Rule 32 petition. One of the grounds raised by the State was that the petition was due to be summarily dismissed be *538 cause it was filed beyond the one-year limitations period provided by Rule 32.2(c), Ala. R.Crim. P. On January 26, 2012, the circuit court entered an order dismissing Thomas’s Rule 32 petition, concluding, in part, that the petition was untimely.
On February 6, 2012, Thomas filed a motion asking the circuit court to set aside its order dismissing his Rule 32 petition. In that motion, Thomas argued that, despite the May 27, 2011, date stamp, his petition was not untimely. He asserted that he had given his Rule 32 petition and in forma pauperis declaration to prison officials to mail on February 18, 2011. In support of the motion, Thomas submitted an affidavit, in which he testified, in part, as follows:
“2. On February 18, 2011 while I was incarcerated at the Perry County Correctional Center I completed a Rule 32 petition and had it notarized by Amy Green. On the same date I also signed and had notarized a declaration in support of request to proceed in forma pau-peris. Amy Green who was in charge of the law library sent both documents together in the mail. I saw her take my package to the administration building where legal documents are mailed.
“3. Sometime in March, I received a letter from the clerk’s office in Bessemer telling me that I needed to file an in forma pauperis affidavit. Although I had already filed one with my Rule 32 I filed another one on March 23, 2011 and mailed it that day. I attached a copy of my original.”
Thomas’s motion also noted that, unlike the other filings, the clerk’s record did not contain the envelope in which the clerk’s office had received the Rule 32 petition, which would have reflected a postmark.
On February 10, 2012, the circuit court set aside its January 26, 2012, order. On March 15, 2012, the State again moved to dismiss Thomas’s petition. Once again, the State argued that the petition was untimely. The State argued that under Alabama law a Rule 32 petition is not deemed filed unless it is accompanied by a filing fee or a request to proceed informa pauperis. The State argued that the March 18, 2011, letter from the clerk’s office was conclusive proof that the petition was not accompanied by a request to proceed in forma pauperis and thus that the petition was not “filed” until the clerk’s office received the in forma pauperis request on March 28, 2011—after the expiration of the one-year limitations period.
On February 27, 2013, the circuit court entered a new order summarily dismissing Thomas’s petition. Again, among various other reasons given for the dismissal, the circuit court concluded that the petition was untimely.[4] In declaring Thomas’s petition untimely, the circuit court made no specific findings of fact but concluded simply: “The Petition is barred by Rule 32.2(c) because the Petition is untimely.” The circuit court also denied Thomas’s pending request for an evidentiary hearing. Thomas appealed the dismissal to the Court of Criminal Appeals.
On January 30, 2015, the Court of Criminal Appeals affirmed, in an unpublished *539 memorandum, the summary dismissal of Thomas’s Rule 32 petition, agreeing that Thomas’s petition was untimely. The Court of Criminal Appeals noted that the circuit clerk is charged by statute with keeping the records and docket of the circuit court and also with collection of filing fees. See § 12-17-94(a)(3), Ala.Code 1975; § 12-19-70, Ala.Code 1975. The Court of Criminal Appeals concluded:
“Implicit in the duties of a circuit clerk is the duty to ascertain if the filing fee or a request to proceed in forma pauperis accompanied a petition filed pursuant to Rule 32, Ala. R.Crim. P. The court could have reasonably determined that, despite the self-serving affidavit of Thomas, the circuit clerk’s personnel in performing the duties of their office, had correctly ascertained that Thomas had failed to include a request to proceed in forma pauperis when he originally sent his petition to the clerk.”
The Court of Criminal Appeals concluded that the claims raised in Thomas’s Rule 32 petition were not jurisdictional and that, therefore, the circuit court properly dismissed the petition as untimely.
We granted Thomas’s petition for writ of certiorari to review the decision of the Court of Criminal Appeals.
II. Analysis
The State does not dispute that Thomas’s Rule 32 petition was received by the Jefferson Circuit clerk’s office before the expiration of the applicable one-year limitations period. Rather, the State contends that Thomas did not submit with his petition a request to proceed informa pauper-is and that that request was not received by the clerk until after the expiration of the one-year limitations period.[5] Under Alabama law, a Rule 32 petition is not deemed “filed” until the petition and a filing fee or, in lieu of the filing fee, a request to proceed in forma pauperis are submitted to the circuit clerk. See Rule 32.6(a), Ala. R.Crim. P.; Hyde v. State, 950 So.2d 344, 353 (Ala.Crim.App.2006). Thus, the State argues that Thomas’s failure to file his in forma pauperis declaration within the limitations period rendered his Rule 32 petition untimely. According to the State, the circuit court properly dismissed Thomas’s petition and the Court of Criminal Appeals correctly affirmed that judgment.
Thomas argues that the Court of Criminal Appeals’ holding conflicts with Holland v. State, 621 So.2d 373 (Ala.Crim.App.1993). In Holland, the Court of Criminal Appeals held that an incarcerated pro se petitioner “files” a Rule 32 petition when he or she hands the petition over to prison authorities for mailing. This Court has recognized that the “prison-mailbox rule” applies when a pro se petitioner faces specific document-filing deadlines. See Ex parte Allen, 825 So.2d 271, 274 (Ala.2002). Thomas contends that his uncontradicted testimony establishes that he handed both his Rule 32 petition and his in forma pauperis declaration to prison authorities for mailing on February 18, 2011. Thus, he argues, the petition and the declaration were timely filed before the expiration of the limitations period.[6]
*540 Whether Thomas included a request to proceed in forma pauperis with his Rule 32 petition is inherently a factual inquiry. The State argues that the May 27, 2011, form letter from the circuit clerk’s office is evidence that Thomas’s Rule 32 petition was not accompanied by a request to proceed in forna pauperis. Yet there was also direct evidence before the circuit court indicating that Thomas, in fact, mailed his in forma pauperis declaration with his Rule 32 petition on February 18, 2011. Thomas submitted an affidavit stating that on February 18, 2011, he handed both his petition and in forma pauperis declaration to a prison official to be mailed on his behalf. The record contains an executed in forma pauperis declaration notarized by a prison official on February 18, 2011. Furthermore, Thomas disputed the circuit clerk’s form letter informing him that an in forma pauperis declaration was not included with his petition by filing a motion for judicial notice that he had, in fact, filed the declaration. If this evidence is believed, Thomas’s petition was timely.
•In the present case, we find that the evidence in the record creates a question of material fact as to whether Thomas’s in forma pauperis declaration was filed with his Rule 32 petition, so as to render the Rule 32 petition timely. Rule 32.9(a), Ala. R.Crim. P., states that a petitioner is entitled to an evidentiary hearing “to determine disputed issues of material fact.” The circuit court, however, did not hold an evidentiary hearing, made no findings of fact, and, in its order of dismissal, made no reference to the evidence submitted by Thomas. We, therefore, hold that, unless the judgment of the circuit court is due to be affirmed based on one or more of the alternate grounds for dismissal of Thomas’s Rule 32 petition, the Court of Criminal appeals should remand this cause for the circuit court to conduct an evidentiary hearing and make specific findings of fact as to whether Thomas filed his informa pauperis declaration with his timely filed Rule 32 petition. See also Ex parte Wright, 860 So.2d 1253 (Ala.2002) (remanding for a determination as to whether a pro se petitioner’s notice of appeal was timely filed).
Accordingly, we reverse the judgment of the Court of Criminal Appeals and remand this cause to that court for proceedings consistent with this opinion.
REVERSED AND REMANDED.*
MOORE, C.J., and STUART, BOLIN, PARKER, MURDOCK, and BRYAN, JJ., concur.
SHAW and WISE, JJ., dissent.

. It does not appear that the circuit court ever ruled on this motion.

. Thomas contends the February 18 declaration was mailed with his original petition. The State posits that the February 18 declaration was first submitted to the clerk with Thomas's motion for judicial notice, but not before.

.The petition, dated and notarized on February 18, 2011, was obviously received by the circuit clerk’s office well before May 27, 2011, and sometime before the clerk’s office sent the March 18, 2011, form letter.

. The circuit court also concluded that the petition was procedurally barred under Rule 32.2(a), Ala. R.Crim. P., because the issues raised in the petition could have been, but were not, raised at trial or on direct appeal. The circuit court also ruled that the petition was due to be dismissed under Rule 32.6(b), for lack of specificity, and that, pursuant to Rule 32.7(d), no purpose would be served by any further proceedings. Thomas addressed these alternative grounds for dismissal in his appeal to the Court of Criminal Appeals. The Court of Criminal Appeals, however, agreed that Thomas's petition was time-barred and thus pretermitted discussion of the alternate grounds for dismissal.

. There are exceptions to the one-year limitations period in Rule 32.2(c). Thomas does not argue that any of those exceptions apply.

. The State argues that the prison-mailbox rule is not applicable in this case because Thomas failed to complete question number 18 on the standard Rule 32 form, which asks: "What date is this petition being mailed?” See Beamon v. State, 204 So.3d 1, 2 n. 2 (Ala.Crim.App.2014). The present dispute, as presented to us, however, does not concern whether Thomas’s Rule 32 form was timely mailed, but whether it was accompanied by an in forma pauperis declaration. Regardless *540 of whether Thomas completed question number 18, that question does not answer whether he mailed his in forma pauperis declaration with his petition. Moreover, the in forma pauperis declaration form contains no similar question asking when that form is being mailed, or whether it is being mailed with the Rule 32 petition. Accordingly, we know of no reason the prison-mailbox rule would not apply to the in forma pauperis declaration in this case.

 Note from the reporter of decisions: On October 16, 2015, on remand from the Supreme Court, the Court of Criminal Appeals affirmed, without opinion (CR-12-0966), On January 22, 2016, that court denied rehearing. On July 8, 2016, the Supreme Court denied certiorari review, without opinion (1150451).